On Application for Rehearing
En Banc.
PER CURIAM.
In our original opinion we held that plaintiff’s unexplained failure to take the testimony of Dr. Murray Brown, one of Trahan’s treating physicians, raises a presumption that the testimony of that doctor would be adverse to plaintiff. We now conclude that we erred in arriving at that conclusion.
The records show that a written report submitted by Dr. Brown, dated October 10, 1968, was introduced in evidence with *613 out objection. This report shows that Dr. Brown’s testimony would have been adverse to plaintiff, in that the doctor stated that plaintiff Trahan was able to resume light work on July 30, 1968, or approximately four months after the accident occurred.
Defendant understandably desired to take the testimony of Dr. Brown, so at the beginning of the trial counsel for defendant advised the court that a stipulation had been entered into that the case be held open to permit defendant to take the deposition of Dr. Brown at a later date. Plaintiff specifically agreed to that stipulation, and the court ordered that the case be held open for that purpose. The defendant never arranged to take Dr. Brown’s deposition.
We have concluded that no presumption is raised against either party for failure to call a witness where a report or written statement of that witness is entered in evidence by stipulation of the parties. Also, we think no presumption arises against the plaintiff for failure to call his treating physician, when the defendant advises the court that he expects to call that doctor and obtains permission to hold the case open for the purpose of taking his deposition at a later date.
In the instant suit we erred in holding that plaintiff’s failure to call Dr. Brown as a witness gives rise to a presumption that Dr. Brown’s testimony would be any different or any more adverse to plaintiff than was stated in his report.
We have reviewed the entire record with this corrected view of the evidence in mind, and we have concluded that the result nevertheless would be the same. Considering all of the evidence, but without any presumption against plaintiff because of his failure to call Dr. Brown, we find that plaintiff failed to establish that he was disabled after his discharge by Dr. Dunning.
With this clarification of the record, and for the reasons herein shown, plaintiff’s application for rehearing is denied.
FRUGÉ, J., votes for rehearing.